# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET D. PALMER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-08-654-D |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423, and her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on September 1, 2005 alleging a disability since October 14, 2003 (TR. 15). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 15). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on October 10, 2007 (TR. 480-524). The Plaintiff appeared in person with her non-attorney representative and offered her testimony in support of the applications (TR. 483-513, 515-519). A vocational expert (VE) also testified at the request of the ALJ (TR. 513-514, 519-523). The ALJ issued his decision on January 23, 2008 finding that Plaintiff was not entitled to

DIB or SSI (TR. 15-26). The Appeals Council denied the Plaintiff's request for review on April 30, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 7-9).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date so the process continued (TR. 17). At step two, the ALJ concluded that Plaintiff's degenerative disc disease of the cervical, lumbar and thoracic spine; paraesthesias of the left side; and major depressive disorder were severe impairments (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 24).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a limited range of light work (TR. 19). The ALJ used the medical-vocational rules as a framework for decision making and considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 25). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 25-26).

On appeal to this Court, Plaintiff alleges that: (I) the ALJ erred at step three by not finding Plaintiff disabled under Listing 1.04A *Disorders of the Spine*; (II) that the ALJ erred in failing to consider Plaintiff's worker's compensation award and in failing to explain why he did not find it persuasive; (III) that the ALJ erred in his step five analysis; (IV) that the ALJ erred in failing to identify Plaintiff's transferable skills and the specific occupation wherein the skills would transfer; and (V) that the ALJ erred in his analysis of Plaintiff's credibility.

MEDICAL EVIDENCE

In an x-ray report from July 2003, Ken P. Coffey, M.D. (radiology) described his impression as

> C5-C6 shows broad symmetrical bulging with mild compromise at both neuroforamina. Borderline nerve root compression bilaterally. C6-7 shows broad irregular bulging with left posterior lateral protrusion of disk and/or osteophyte that compromises the lateral recesses and medial neuroforamina. Borderline nerve root compression in the left lateral recess. C7-T1 shows mild bulging, asymmetrical left. T1-2 shows moderate left posterior lateral protrusion of probable soft disk, compromising the lateral recess and compressing the exiting nerve root

(TR. 194).

In August 2003, Plaintiff was examined by Stephen K. Cagle, M.D. (neurosurgeon), who found that Plaintiff had some "vague numbness and tingling in the arms and hands without any definite loss of strength"; that there was no "focal loss of strength"; and that her reflexes were "okay" and she had no atrophy (TR. 192). Dr. Cagle reported that an MR scan showed multilevel cervical disc disease (TR. 192).

Also in August 2003, Plaintiff was examined by Gabriel M. Pittman, D.O. (neurologist), who found that she had normal muscle tone and bulk; that her fine motor movement was normal in her hands; and that her gait was within normal limits (TR. 190). Dr. Pittman further found that an MRI showed multilevel discogenic disease and osteophyte formation with areas of neuroforaminal stenosis; that she had left C5 or C6 radiculopathy; and that there appeared to be evidence for radiculopathies bilaterally at both C5 and C6 (TR. 191).

In March 2004, Plaintiff was examined by Michael J. Carl, M.D., who found following a discogram, C-arm fluoroscopic interpretation, and intravenous conscious sedation that she had "Severely degenerative, severely painful, L3-4, L4-5, and L5-S1 intervertebral discs, which each produced concordant low back pain at Low intradiscal pressurization" (TR. 206). In August 2004, Dr. Carl examined Plaintiff and found that her cervical and lumbar spine range of motion was limited by 20%; that straight leg raising was negative, bilaterally; and that his assessment of her upper and lower extremities was that they were "grossly intact" (TR. 372).

In April 2004, Plaintiff was examined by Arthur Conley, M.D., who found that her lumbar spine mobility was guarded; and that she had normal motor and sensory function (TR. 204). Dr. Conley told Plaintiff that she had "three level degenerative disc disease"; and that she was not a good candidate for surgery (TR. 204). Dr. Conley released her to light duty without a "20 pound restriction in lifting, pushing or pulling; no overhead or over shoulder lifting; no crawling, kneeling, squatting or climbing; primarily sedentary desk work" (TR. 204).

Also in April 2004, Plaintiff was examined by Brent N. Hisey, M.D. (neurosurgeon), who reviewed an MRI which demonstrated desiccation and a right paracentral disk protrusion at L3-L4, slight bulging at L4-5 and L5-S1 with slight decreased disk space height at L5-S1, and throacic degeneration at T11-12 and T10-11 (TR. 244). Dr. Hisey found that Plaintiff's motor function was normal except for "mild giveaway weakness on the left"; that her reflexes were "1+ in all groups"; and that her straight leg raising was positive "primarily for back pain only" (TR. 245). Dr. Hisey concluded that Plaintiff had "at least a three level discogenic pain syndrome with degeneration in the lower thoracic disks"; and opined that "in all likelihood she will require some form of vocational evaluation and possible retraining" (TR. 245).

In July 2004, Plaintiff was examined by C.B. Pettigrew, D.O., who found that Plaintiff's sitting and supine straight leg raising tests were negative; that sensory pinpoint sensation was intact in the lower extremities; and that she was able to heel and toe walk without difficulty (TR. 275). Dr. Pettigrew stated that Plaintiff was in no further need of medical care or continuing medical maintenance and that she may return to her previous employment (TR. 276). In September 2004, Plaintiff was examined by Lance E. Rosson, D.O., who found that she had decreased range of motion in her neck and thoracic spine (TR. 318).

In October 2005, Plaintiff underwent a consultative physical examination performed by Juan A. Maldonado, M.D., who reported that Plaintiff had no muscle weakness or atrophy; that she had positive leg raising, both sitting and lying flat; and that she had no sensory loss and a normal gait (TR. 345).

In May 2007, Plaintiff was examined by Muhammad Habib, M.D., who found that Plaintiff had no motor or focal deficits; that her reflexes were normal; and that although she complained of numbness on her left side, her sensations were normal on the right side (TR. 466).

At the October 2007 hearing, Plaintiff testified that she could only walk one-quarter of a city block without stopping to rest because of pain; that she falls without warning when her left leg

gives way; and that she cannot stand for more than 30 minutes or sit for two hours without pain in her legs and numbness in her hands (TR. 485, 487, 488). She also testified that her medication caused her to be constipated and interfered with her ability to concentrate (TR. 493).

# I.

Plaintiff argues on appeal that the ALJ erred at step three by not finding Plaintiff disabled under Listing 1.04A[1] (See Plaintiff's Brief at pages 19-25). At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. A plaintiff has the burden of proving that a Listing has been equaled or met. *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987); *Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988). To be found disabled based on the Appendix 1 Listing of Impairments, Plaintiff must show that her condition satisfies all of the specified medical criteria of a particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (impairment does not meet Listing if it has only some of the medical criteria, no matter how severe). In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).

In *Clifton* the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment. In this case the ALJ failed to discuss why the elements of the appropriate listing were

---

[1] ***Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)…

not met (TR. 18). In short, the ALJ in this case made the same type of summary conclusion as the ALJ in *Clifton*. In *Clifton*, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review. *Clifton* at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> > [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . . Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . . Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

*Clifton*, at 1009-10 (internal case citations omitted).

It is apparent from the ALJ's decision that he failed in his duty to discuss the evidence and explain why he found that Plaintiff was not disabled at step three. The ALJ offers only the following conclusory statement:

> The undersigned has considered the claimant's back impairment under Listing 1.04A specifically. However, the claimant does not have the inability to ambulate effectively or the inability to perform fine and gross movements effectively. She does not have nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, or motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss as required by Listing 1.04A.

(TR. 18). The ALJ's meager discussion of the evidence is wholly inadequate. The ALJ appears to misapply 1.04A by placing unwarranted significance on Plaintiff's ability to ambulate effectively or perform fine and gross movements (TR. 18). The ALJ also appears to ignore, without explanation, the findings of treating and consulting physicians who made separate, albeit piecemeal, findings as to the required elements of 1.04A which taken together may establish that Plaintiff is disabled at step three. The ALJ's own finding at step two that Plaintiff's paraesthesias of the left side was a severe impairment may tend to establish the motor, sensory or reflex loss required under the listing. Admittedly, there is conflicting medical evidence as to the required elements. The Commissioner should thus, on remand, obtain the testimony of a medical expert.

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 1.04A. Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss his conclusions in connection with Listing 1.04A. Only then can this Court review the ALJ's decision in connection with the relevant listing.

## II.

Plaintiff also argues that the ALJ erred in failing to consider Plaintiff's worker's compensation award and in failing to explain why he did not find it persuasive (See Plaintiff's Brief

at pages 18-19). A medical opinion on an issue reserved to the Commissioner can never be entitled to controlling weight or given special significance. 20 C.F.R. 404.1527(e)(3); SSR 96-5p; *Musgrave v. Sullivan*, 966 F.2d 1371, 1375 (10th Cir. 1992). It is the Social Security Administration which makes the ultimate legal determination of disability status. 20 CFR 404.1527(e); *Richardson v. Perales*. 402 U.S. 389, 399 (1971). Further, a disability determination based on the standards of another agency is not binding upon the Social Security Administration. 20 CFR 404.1504. Although not binding, findings by other agencies must be considered by the Commissioner. *Musgrave* at 1375. In this case the ALJ failed to even mention or consider the worker's compensation court's decision. On remand, the ALJ's own decision should clearly reflect consideration of the findings of the worker's compensation court.

## III & IV.

Plaintiff next argues that the ALJ erred in his finding at step five in that he failed to apply the factors set forth in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (See Plaintiff's Brief at pages 25-28). Plaintiff next urges that the ALJ erred in failing to identify Plaintiff's transferable skills and the specific occupation wherein the skills would transfer (See Plaintiff's Brief at pages 29-30). Plaintiff also argues that the ALJ erred at step five in failing to include all of Plaintiff's impairments in his hypothetical questions posed to the VE. The Commissioners errors at step 3 of the sequential evaluation process served to taint the balance of the process at step 5, thus, assertions of error numbered herein as III and IV will not be considered.

## V.

Plaintiff also argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 31-33). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-

9

producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls* at 1372. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing an adequate discussion of the evidence which linked specific evidence to his findings (TR. 15-16).

In accordance with *Luna* and *Kepler*, the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff. The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987). Further, Although Plaintiff complained of pain, none of Plaintiff's doctors provided explicit confirmation of the existence of disabling pain and this absence of confirmation detracted from Plaintiff's credibility. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and

11

recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED on December 7, 2009.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE