# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET D. PALMER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | NO. CIV-08-654-D |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Plaintiff's Application for Attorney Fees [Doc. No.31 ] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff prevailed in her action against the Commissioner of the Social Security Administration, as the Court reversed the Commissioner's denial of Plaintiff's application for benefits and remanded the matter for further agency proceedings. *See* Order and Judgment [Doc. No. 28]. As a "prevailing party" within the meaning of the EAJA, Plaintiff is entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $5,878.00 in attorney fees for the services performed in this case. Plaintiff's counsel has submitted an affidavit and documentation reflecting the work performed and the time incurred for each service rendered to Plaintiff in this action. *See* affidavit and accompanying material, submitted as an unmarked exhibit to the Motion. Plaintiff also submits material reflecting the Social Security requirements governing hourly rates for attorney services. *Id.*

The Court has reviewed the documentation submitted by Plaintiff and finds that the requested fee of $5,878.00 represents a fair and reasonable fee for the work performed by Plaintiff's attorney in this case. The requested fee and applicable hourly rates are also consistent with Social Security regulations governing EAJA attorney fees.

Defendant does not object to Plaintiff's status as a prevailing party entitled to recover fees and expenses pursuant to the EAJA, nor does it object to the amount of the attorney fee sought by Plaintiff. Defendant contends, however, that Plaintiff's request that the EAJA fee be paid directly to counsel rather than to Plaintiff should be disallowed. As Defendant points out, the Tenth Circuit has held that EAJA attorney fee awards must be paid to the Plaintiff, and not to her attorney. *Manning v. Astrue*, 510 F. 3d 1246, 1249-55 (10th Cir. 2007). Furthermore, the Circuit has rejected the propriety of direct payment to attorneys via an assignment. *Hall v. Astrue*, 2008 WL 905218 (10th Cir. April 4, 2008); *Winslow v. Astrue*, 2008 WL 724374, at *1 (10th Cir. Mar. 18, 2008).

Accordingly, Plaintiff's Motion [Doc. 31] is GRANTED to the extent it seeks approval of an EAJA attorney fee award in the amount of $5,878.00 and DENIED to the extent it seeks direct payment of this amount to Plaintiff's counsel. Defendant is directed to pay the approved $5,878.00 attorney fee to Plaintiff, in accordance with the requirements of EAJA and the Tenth Circuit Court of Appeals.

IT IS SO ORDERED this 16th day of March, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE